# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| TYLUS ALLEN JR., | ) |
| | ) |
| Plaintiff, | ) Case No.: |
| | ) |
| v. | ) |
| | ) Complaint for Violation of Civil Rights and |
| VILLAGE OF OAK LAWN POLICE | ) State Supplemental Claims |
| DETECTIVES S. HEILIG, M. | ) |
| MCNEELA, SGT. S. | ) |
| SUCHARZEWSKI, CMDR. P. | ) **JURY DEMANDED** |
| BARRON, UNKNOWN AND | ) |
| UNNAMED VILLAGE OF OAK | ) |
| LAWN POLICE OFFICERS, CITY OF | ) |
| BURBANK OFFICER TUDRYN, and | ) |
| THE VILLAGE OF OAK LAWN, | ) |
| | ) |
| Defendants. | ) |
| | ) |
| | ) |

## JURISDICTION AND VENUE

1.	This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367.

2.	Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

## PARTIES

3.	At all times herein mentioned, Plaintiff TYLUS ALLEN JR. (hereinafter "Plaintiff"), was and is a citizen of the United States and was within the jurisdiction of this court.

4.	At all times herein mentioned, Defendants Village of Oak Lawn Officers HEILIG; MCNEELA; SUCHARZEWSKI; BARRON and unknown and unnamed officers (hereinafter "Defendants"), were employed by the Village of Oak Lawn Police Department and were acting

1

under color of state law and as the employee, agent, or representative of the Village of Oak Lawn Police Department. These Defendants are being sued in their individual capacities.

5. At all times herein mentioned, Defendant City of Burbank Officer TUDRYN was employed by the City of Burbank Police Department and was acting under color of state law and as the employee, agent, or representative of the City of Burbank Police Department. This Defendant is being sued in his individual capacity.

6. At all times herein mentioned, the VILLAGE OF OAK LAWN was a political division of the State of Illinois, existing as such under the laws of the State of Illinois. At all relevant times, the VILLAGE OF OAK LAWN maintained, managed, and/or operated the VILLAGE OF OAK LAWN Police Department.

**FACTUAL ALLEGATIONS**

7. On or around December 2, 2018, Plaintiff was lawfully driving his vehicle in the Village of Oak Lawn, County of Cook, Illinois.

8. At that date, time, and place, Defendants McNeela and Heilig caused Plaintiff to stop his vehicle and be detained. There was no legal cause or reasonable suspicion to cause Plaintiff to stop his vehicle and be detained.

9. Defendants McNeela and Heilig immediately demanded that Plaintiff exit his vehicle and Plaintiff complied.

10. Defendants McNeela and Heilig then proceeded to search Plaintiff's person and Plaintiff's vehicle.

11. Plaintiff did not consent to the search of his person or vehicle and Defendants did not have legal cause or reasonable suspicion to search Plaintiff or his vehicle.

12. After searching Plaintiff's person and vehicle and failing to discover any contraband or evidence of criminal activity, Defendants requested K9 assistance. Defendant Tudryn responded and proceeded with a K9 search of the interior and exterior of Plaintiff's vehicle.

13. Defendants did not have legal cause, consent, or reasonable suspicion to conduct a K9 search of Plaintiff's vehicle.

14. Defendants did not recover any contraband or evidence of criminal activity from Plaintiff's vehicle or Plaintiff's person.

15. After subjecting Plaintiff to a custodial arrest, Defendants McNeela and Heilig caused Plaintiff to be charged with committing the criminal offense of reckless driving.

16. Defendants McNeela and Heilig were not aware of any facts that created probable cause to charge Plaintiff with reckless driving.

17. Defendants then transported Plaintiff to the Oak Lawn Police Department.

18. At the Oak Lawn Police Department, Defendants McNeela and Heilig ordered Plaintiff to change into clothes provided by Defendants and Defendants conducted a strip search of Plaintiff.

19. During the strip search of Plaintiff, Defendants conducted an intrusive physical search of Plaintiff's person including a thorough search of his buttocks.

20. Plaintiff did not consent to the strip search by Defendants and there was no legal cause or reasonable suspicion to conduct a strip search of Plaintiff. No contraband or evidence of criminal activity was found as a result of the strip search.

21. There was no legal cause to search Plaintiff's person in this manner.

22. Defendants McNeela, Heilig, and Sucharzewski then ordered Plaintiff to remove any contraband from his body cavities, Plaintiff notified Defendants that he was not concealing any contraband.

3

23. Defendants Sucharzewski and Barron then called for an ambulance and had Plaintiff transported to Advocate Christ Medical Center.

24. At Advocate Christ Medical Center Defendants falsely instructed the emergency room doctor that they found drugs in Plaintiff's vehicle during a traffic stop, yet the search of Plaintiff's vehicle by the individual Defendants and the K9 officer did not produce any contraband.

25. Plaintiff again notified the Defendants as well as the doctor that he was not concealing any contraband and did not consent to a cavity search.

26. Defendants did not have legal cause, consent, or a warrant to conduct a cavity search of Plaintiff.

27. Per Defendants request, the doctor performed a digital rectal exam of Plaintiff and x-rayed Plaintiff's abdomen. The doctor did not find any contraband or evidence of criminal activity.

28. By reason of the above-described acts and omissions of Defendants, Plaintiff sustained injuries, including but not limited to, loss special damages, humiliation and indignities, and suffered great mental and emotional pain and suffering all to his damage in an amount to be ascertained.

29. The aforementioned acts of Defendants were willful, wanton, malicious, oppressive and done with reckless indifference to and/or callous disregard for Plaintiff's rights and justify the awarding of exemplary and punitive damages in an amount to be ascertained according to proof at the time of trial.

30. By reason of the above-described acts and omissions of Defendants, Plaintiff was required to retain an attorney to institute, prosecute and render legal assistance to him in the within action so that he might vindicate the loss and impairment of his rights. By reason thereof, Plaintiff requests payment by Defendants of a reasonable sum for attorney's fees pursuant to 42 U.S.C. Section 1988, the Equal Access to Justice Act or any other provision set by law.

## COUNT I
### PLAINTIFF AGAINST ALL INDIVIDUAL KNOWN AND UNKNOWN DEFENDANTS AND OTHERS, FOR UNREASONABLE SEARCH OF PLAINTIFF

31. Plaintiff incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

32. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendment of the Constitution of the United States and laws enacted thereunder.

33. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's person was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner on December 2, 2018: ordering Plaintiff out of his vehicle and searching his person without just cause; strip searching Plaintiff at the police station without just cause; physically touching and searching Plaintiff's buttocks without just cause; transporting Plaintiff to Christ Advocate Hospital and ordering a digital examination of Plaintiff's anal cavity and an X-Ray of his abdomen without just cause. These acts were in violation of Plaintiff's Fourth and/or Fourteenth Amendment rights. Therefore, Defendants, in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT II
### PLAINTIFF AGAINST HEILIG, MCNEELA, TUDRYN, AND UNKNOWN DEFENDANTS AND OTHERS, FOR UNREASONABLE SEARCH OF PLAINTIFF'S VEHICLE

34. Plaintiff incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

35. By reason of Defendants' conduct, Plaintiff was deprived of rights, privileges and immunities secured to him by the Fourth and Fourteenth Amendment of the Constitution of the United States and laws enacted thereunder.

36. The arbitrary intrusion by Defendants, into the security and privacy of Plaintiff's vehicle was in violation of Plaintiff's constitutional rights and not authorized by law. Defendants violated Plaintiff's rights in the following manner on December 2, 2018: ordering Plaintiff out of his vehicle and searching Plaintiff's vehicle without just cause; and conducting an officer K9 search of the interior and exterior of Plaintiff's vehicle without just cause. Therefore, Defendants, in their individual capacity, are liable to Plaintiff pursuant to 42 U.S.C. § 1983.

## COUNT III
## PLAINTIFF AGAINST HEILIG, MCNEELA, AND THE VILLAGE OF OAK LAWN FOR THE SUPPLEMENTAL STATE LAW CLAIM OF BATTERY

37. Plaintiff incorporates and realleges paragraphs one (1) through thirty (30) hereat as though fully set forth at this place.

38. Defendants Heilig and/or McNeela wrongfully and without legal justification ordered Plaintiff to undress and manually searched Plaintiff's buttocks.

39. Plaintiff did not consent to Defendants Heilig and/or McNeela touching his buttocks.

40. The conduct of Defendants Heilig and/or McNeela was an unauthorized and offensive touching of the Plaintiff by the Defendants, and thus constitutes a battery under Illinois law.

41. As a result of the foregoing, Plaintiff has sustained damage.

42. The Village of Oak Lawn is liable to Plaintiffs for the acts of Heilig and/or McNeela pursuant to the doctrine of *respondeat superior*.

41. Therefore, Heilig, McNeela, and the Village of Oak Lawn are liable under the supplemental state law claim of battery.

WHEREFORE, the Plaintiff, by and through his attorneys, ED FOX & ASSOCIATES, requests judgment as follows against the Defendants, and each of them:

1. That individual Defendants and each of them and other unnamed and unknown Defendants be required to pay Plaintiff's general damages, including emotional distress, in a sum to be ascertained;

2. That these same Defendants be required to pay Plaintiff's special damages;

3. That these same Defendants other than the Village of Oak Lawn be required to pay Plaintiff's attorneys fees pursuant to Section 1988 of Title 42 of the United States Code, the Equal Access to Justice Act or any other applicable provision;

4. That the individual Defendants and each of them and other unnamed and unknown Defendants other than the Village of Oak Lawn be required to pay punitive and exemplary damages in a sum to be ascertained;

5. That the Defendants be required to pay Plaintiff's costs of the suit herein incurred; and

6. That Plaintiff have such other and further relief as this Court may deem just and proper.

BY: s/ Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com

**PLAINTIFF HEREBY REQUESTS A TRIAL BY JURY**

BY: s/Jaclyn N. Diaz
ED FOX & ASSOCIATES
Attorneys for Plaintiff
300 West Adams
Suite 330
Chicago, Illinois 60606
(312) 345-8877
jdiaz@efoxlaw.com