# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| TYLUS ALLEN JR., ) | |
| ) | |
| Plaintiff, ) | Case No.: 19-cv-7904 |
| ) | |
| v. ) | |
| ) | Honorable Franklin U. Valderrama |
| VILLAGE OF OAK LAWN POLICE ) | |
| DETECTIVES S. HEILIG, M. MCNEELA, ) | |
| SGT. S. SUCHARZEWSKI, CMDR. P. ) | |
| BARRON, UNKNOWN AND UNNAMED ) | |
| VILLAGE OF OAK LAWN POLICE ) | |
| OFFICERS, CITY OF BURBANK ) | |
| OFFICER TUDRYN, and THE VILLAGE ) | |
| OF OAK LAWN, ) | |
| ) | |
| Defendants. ) | |

**JOINT INITIAL STATUS REPORT UNDER RULE 26(f)**

The parties have conferred as required by Rule 26(f), and jointly submit the following discovery plan. *See* Fed. R. Civ. P. 26(f)(2); Fed. R. Civ. P. 26(f)(3); Fed. R. Civ. P. 16(b). The parties understand that the Court will enter a scheduling order under Rule 16(b)(1), and that the Court will modify any such schedule "only for good cause." *See* Fed. R. Civ. P. 16(b)(4).

I. **Nature of the Case**

    A.    Attorneys of Record:

| | |
|---|---|
| Jaclyn N. Diaz | Thomas J. Condon, Jr (Lead) |
| Edward M. Fox (Lead) | Peterson Johnson & Murray |
| ED FOX & ASSOCIATES, LTD. | 200 W Adams, Ste 2125 |
| 300 W Adams St, Ste 330 | Chicago, IL 60606 |
| Chicago, IL 60606 | (312) 782-7150 |
| (312) 345-8877 | tcondon@pjmchicago.com |
| efox@efoxlaw.com | *Attorneys for Defendants Heilig, Mcneela,* |
| jdiaz@efoxlaw.com | *Sucharzewski, Barron and Village of Oak Lawn* |
| *Attorneys for Plaintiff* | |

        Julie M. Koerner (Lead)
        Lawrence E. Neyland
        Daniel T. Corbett

        O'Halloran Kosoff Geitner & Cook, LLC
        650 Dundee Road, Suite 475
        Northbrook, IL 60062
        847-291-0200
        jkoerner@okgc.com
        lneyland@okgc.com
        dcorbett@okgc.com
        *Attorneys for Defendant Tudryn*

B.    This action arises under the United States Constitution and the Civil Rights Act of 1871 (42 U.S.C. Section 1983). This court has jurisdiction under and by virtue of 28 U.S.C. Sections 1343, 1331 and 1367. Venue is founded in this judicial court upon 28 U.S.C. Section 1391 as the acts complained of arose in this district.

C.    This case is premised on multiple searches conducted by Defendants of Plaintiff's person and vehicle on December 2, 2018. Defendants Heilig and McNeela detained Plaintiff for an alleged traffic violation and during the course of the stop searched Plaintiff's person and vehicle without his consent and called for K9 assistance, which was conducted by Defendant Tudryn. Plaintiff was brought back to Oak Lawn Police Station where he was subjected to further invasive searches by Defendants Heilig and McNeela and Defendants Barron and Sucharzewski signed off on the decision to send Plaintiff to the hospital for a further search of Plaintiff's person. At the hospital, Defendants Heilig and McNeela ordered medical staff to conduct a body cavity search of Plaintiff without a warrant or Plaintiff's consent.

D.    Plaintiff alleges the claims of illegal search and seizure in violation of the Fourth and Fourteenth Amendment and the supplemental state law claim of battery. Defendant Tudryn has raised the affirmative defense of qualified immunity.

E.    The principal factual issues include: whether there was legal cause to stop and detain Plaintiff; whether there was legal cause to search Plaintiff's person and vehicle; whether there was probable cause to arrest and detain Plaintiff; whether there was legal cause to subject Plaintiff to another invasive search at the police station; whether there was legal cause to take Plaintiff to the hospital and order medical staff to conduct a body cavity search; whether Plaintiff consented to any of the searches and whether and to what extent Plaintiff sustained damages.

F.    The principal legal issues are whether Defendants violated Plaintiff's Fourth and Fourteenth Amendment rights when they search and seized Plaintiff and Plaintiff' property and whether Defendants McNeela and Heilig committed a battery against Plaintiff in violation of Illinois law when the searched his person.

G.    Plaintiff seeks compensatory damages including emotional distress damages in a sum to be ascertained, punitive damages, and attorney's fees.

H.    All parties have been served.

II.    **Mandatory Initial Discovery (Pilot Program)**

A. All parties have read and understand the MIDPP order.

This case was not previously assigned to the MIDPP when it was before Judge Norgle. Plaintiff issued his Rule 26(a)(1) initial disclosures on October 6, 2020. Defendants will provide Rule 26(a)(1) disclosures by November 17, 2020.

B. There are no disputes as to initial discovery responses at this time.

III. **Discovery**

A.

| Event | Deadline |
|---|---|
| Initial Discovery Responses | Defendants shall issue by November 17, 2020. |
| Amendment to the pleadings | January 29, 2021 |
| Service of process on any "John Does" | February 26, 2021 |
| Completion of Fact Discovery | May 31, 2021 |
| Disclosure of Plaintiff's Expert Report(s) | June 30, 2021 |
| Deposition of Plaintiff's Expert | August 30, 2021 |
| Disclosure of Defendant's Expert Report(s) | July 30, 2021 |
| Deposition of Defendant's Expert | August 30, 2021 |
| Dispositive Motions | September 30, 2021 |

B. Plaintiff anticipates taking at least seven (7) depositions including the five individual Defendants and two medical providers. Defendants will take Plaintiff's deposition and anticipates taking 2-4 additional occurrence witnesses.

C. The parties do not anticipate any special issues with discovery at this time.

D. Other than the proposed discovery schedule above, the parties do not have any additional proposals as to discovery pursuant to Rule 26(f)(3).

IV. **Trial**

    A.    Plaintiff and Defendant Tudryn have demanded a jury trial.

    B.    The parties estimate that trial will last approximately 4-5 days.

V. **Settlement, Referrals, and Consent**

    A.    The parties have engaged in informal settlement discussions and the Oak Lawn Defendants had previously requested a demand from Plaintiff. Plaintiff would like to proceed with written discovery prior to issuing a demand.

    B.    Plaintiff does not request a settlement conference at this time.

    C.    The parties do not unanimously consent to proceed before the Magistrate Judge.

VI. **Other**

    A.    At this time, Plaintiff does not wish to bring any additional matter to this Court's attention.

    B.    At this time, Defendants do not wish to bring any additional matter to this Court's attention.

DATED: November 5, 2020

| s/Jaclyn N. Diaz | s/Thomas J. Condon |
|---|---|
| Jaclyn N. Diaz | Thomas J. Condon, Jr |
| Edward M. Fox | Peterson Johnson & Murray |
| ED FOX & ASSOCIATES, LTD. | 200 W Adams, Ste 2125 |
| 300 W Adams St, Ste 330 | Chicago, IL 60606 |
| Chicago, IL 60606 | (312) 782-7150 |
| (312) 345-8877 | tcondon@pjmchicago.com |
| efox@efoxlaw.com | *Attorneys for Defendants Heilig, Mcneela,* |
| jdiaz@efoxlaw.com | *Sucharzewski, Barron* |
| *Attorneys for Plaintiff* | |

s/Julie M. Koerner
Julie M. Koerner
Lawrence E. Neyland
Daniel T. Corbett
O'Halloran Kosoff Geitner & Cook, LLC
650 Dundee Road, Suite 475
Northbrook, IL 60062
847-291-0200
jkoerner@okgc.com
lneyland@okgc.com
dcorbett@okgc.com
*Attorneys for Defendant Tudryn*